**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THERESA LEACH**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**APPLICANT INSIGHT INC.,**<br><br>　　　　**Defendant.** | Civ. A. No. 20-1533 (JMV)<br><br><br><br>**OPINION** |

**FALK, U.S.M.J.**

　　Before the Court is Plaintiff's motion for leave to file an amended complaint [ECF No. 14.]  The motion is opposed.  No oral argument is necessary.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND & CURRENT MOTION

　　This is an employment discrimination case.  Plaintiff, Theresa Leach, a 53-year-old woman, claims that she was illegally fired 24 days after informing Defendant that she had been diagnosed with throat cancer.  (Compl., ¶ 1.)  The operative complaint alleges disability and age discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq*.

　　On September 18, 2020, Plaintiff filed a motion for leave to file an amended

complaint. Plaintiff seeks to add a cause of action alleging retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*. In support of her motion, Plaintiff claims that she discussed with Defendant's Director for Human Resources the possibility of taking leave under the FMLA and was terminated shortly thereafter. (Pl.'s Br. 1.)

Defendant contends that leave to amend should be denied because Plaintiff's putative FMLA retaliation claim is futile because Plaintiff may have debated taking FMLA leave, but never exercised her right to do so and never placed Defendant on notice that she was invoking the FMLA. As a result, it contends that Plaintiff cannot prevail on a claim of FMLA retaliation.[1]

## DISCUSSION

### A.  Legal Standard

A motion to amend should be granted unless the amendment is (1) unduly delayed or prejudicial; (2) made in bad faith; (3) made with a dilatory motive; (4) the result of the failure to cure previous deficiencies; or (5) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendant's opposition is based on futility. Futility generally refers to the concept that the proposed amendment would not survive a Rule 12(b)(6) motion, even

---

[1] Defendant states that Plaintiff's reply brief was submitted out of time and should be stricken. Plaintiff concedes the reply brief was filed one week late due to an attorney calendaring error but claims there is no prejudice. Considering a late reply brief is a matter of discretion. *See, e.g.*, *Aiellos v. Zisa*, 2009 WL 3486301, at *1 (D.N.J. Oct. 20, 2009). The Court will consider the brief, as there is no discernable prejudice whatsoever.

assuming everything in the proposed pleading is true.  However, although Rule 15 futility closely tracks Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims. As it has been described:

> If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper. <u>This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense</u>; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (emphases added) (citations omitted); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990).  Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ."  *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013).

    **B.**    <u>**Decision**</u>

A FMLA retaliation claim contains three main elements: (1) plaintiff invoked the right to FMLA leave; (2) an adverse employment action occurred; and (3) there is a causal connection between the first and second elements.  *See, e.g.*, *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 69 l F.3d 294, 301-02 (3d Cir. 2012).  In this case, Defendant does not concede any of the elements needed for Plaintiff to prevail on her claim. However, the main thrust of Defendant's opposition to the motion to amend is the first element; it contends that Plaintiff simply did not invoke FMLA leave, and therefore, the

3

claim is futile.

A futility-based opposition to a motion to amend is a limited inquiry. Unless the claim is facially and patently futile, the Court's obligation is to allow the claim to be filed, at which time it can be challenged under the full weight of Rule 12(b)(6) or summary judgment. *See Harrison Beverage*, 133 F.R.D. at 468.

Here, Plaintiff claims that she discussed potentially taking FMLA leave with Defendant's Human Resources Director and was terminated shortly thereafter. (Pl.'s Reply Br. 5.) Defendant contends that this conversation is insufficient to constitute notice that Plaintiff intended to pursue FMLA leave because she opted to continue working. Perhaps Defendant will be correct when the merits of the claim are fully fleshed out. However, in the context of the motion to amend, the parties seem to agree that a conversation of some type occurred. Whether that conversation is enough, what the scope of it was, how it was construed by those party to it, and what it means with respect to Plaintiff's intention to pursue FMLA leave are subjects that go beyond the scope of this motion. Moreover, the parties cite differing case law with respect to what constitutes effective notice of FMLA leave and when rights are invoked. *Compare Sarnowski v. Air Brooke Limousine, Inc.,* 510 F.3d 398, 402-03 (3d Cir. 2007), *with Hansler v. Lehigh Valley Hosp. Network*, 798 F.3d 149, 156 (3d Cir. 2015).

Plaintiff's claim is not futile within the meaning and contemplation of Rule 15. The parties seem to have both legal and factual disputes about the claim that exceed Rule

4

15. As stated above, in practice the Rule 15 standard is less demanding than Rule 12(b)(6), *see Harrison Beverage*, 133 F.R.D. at 468, since it doesn't require the full exposition provided on an actual motion to dismiss. Applying that standard to the proposed amended pleading, Plaintiff should have the right to file her claim, which may be tested pursuant to the standards of Federal Rule Civil Procedure 12(b)(6), or if necessary, Rule 56.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to file an amended complaint [ECF No. 14] is **GRANTED**.

                                                        s/Mark Falk
                                                        **MARK FALK**
                                                        **Chief Magistrate Judge**

**DATED:  January 25, 2021**