UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

THERESA LEACH,

        Plaintiff,                        Civil Action No. 20-1533 (JMV) (MAH)

    v.

APPLICANT INSIGHT, INC.,                 **REPORT AND RECOMMENDATION**

        Defendant.

---

**HAMMER, United States Magistrate Judge**

      This matter comes before the Court on the March 4, 2022 letter to the Court from defense counsel, seeking dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 25(a), D.E. 43, and on this Court's March 7, 2022 Order to Show Cause why Plaintiff's Complaint should not be dismissed, D.E. 44. The Undersigned has considered this matter on the papers pursuant to Fed. R. Civ. P. 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court respectfully recommends that the District Court dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 25(a).

    **I.**     **BACKGROUND**

      This case has a long procedural history, with which counsel are familiar. The Court, therefore, will not go into detail, and recites only the procedural history necessary for resolution of this matter.

      On December 3, 2021, counsel for Plaintiff Theresa Leach notified the Court that Ms. Leach had passed away. Letter, Dec. 3, 2021, D.E. 40. On January 4, 2022, the Court held a regularly scheduled telephone conference with both Plaintiff's counsel and Defense counsel to discuss Plaintiff's passing, and the appropriate next steps for this action. Following the

conference, this Court entered an Order that stated:

> In view of Plaintiff's counsel's December 3, 2021 letter informing the Court and counsel that Plaintiff, Theresa Leach, has passed away, and as discussed during the January 4, 2022 conference call, this matter is stayed pursuant to Fed. R. Civ. P. 25 pending an application for substitution by the decedent's successor or representative. On March 7, 2022, counsel will file either a joint status report or application for dismissal pursuant to Rule 25.

Text Order, Jan. 4, 2022, D.E. 41.

No application to substitute the decedent's successor or representative was filed within the ninety-day window (March 3, 2022) allowed by Federal Rule of Civil Procedure 25(a). On March 4, 2022, Defense counsel filed a letter, requesting that the Court dismiss Plaintiff's action or permit him to file a motion to dismiss because no motion to substitute had been filed by March 3, 2022. Letter, March 4, 2022, D.E. 43. Accordingly, this Court directed Plaintiff's counsel to show cause in writing, by March 21, 2022, why this action should not be dismissed for failure to move to substitute the proper party within the time required by Rule 25(a). On March 11, 2022, Plaintiff's counsel responded to the Order to Show Cause, declaring that

> I have communicated with the representative for Ms. Leach's estate about the ongoing litigation and what needs to be done by the estate to substitute in for her to continue the litigation if that was what the executor wanted to do. I informed him of the Court's deadline to respond, but have not heard back regarding any decision. The estate has not retained our firm to substitute in the estate or to continue to prosecute this action on its behalf. As such, we have not heard anything one way or the other from Plaintiff's estate regarding whether there is any intention for it to substitute in for Plaintiff.

Response to Order to Show Cause, Declaration of Sam B. Smith, March 10, 2022, D.E. 45, at 1.

## II. DISCUSSION

Federal Rule of Civil Procedure 25(a) provides as follows:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). S*ee also, e.g., Young v. City of Newark*, No. 17-1668 (SDW), 2018 WL 935427, at *1 (D.N.J. Feb. 16, 2018) (finding that Rule 25 requires dismissal of claims if the proper party is not substituted within ninety days).

Ms. Leach's counsel notified the Court on December 3, 2021 of her passing. Counsel diligently sought out any successor to serve as a substituted party to this action. *See* Response to Order to Show Cause, Declaration of Sam B. Smith, March 10, 2022, D.E. 45, at ¶ 2. In fact, it appears that Plaintiff's counsel communicated with the representative of Ms. Leach's estate and apprised that person of this litigation, the steps necessary to continue this litigation if that was the executor's wish, and the deadlines set forth in this Court's January 4, 2022 Order. *Id.* However, Plaintiff's estate has not responded. *Id.* Therefore, despite Plaintiff's counsel's efforts, no one has come forward to serve as the plaintiff in this matter. As Rule 25(a)(1) requires dismissal if the motion to substitute is not filed within the ninety-day period, the Court concludes that Rule 25(a) compels dismissal of Plaintiff's claims.

### III.   CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends that Plaintiff's claims be dismissed pursuant to Fed. R. Civ. P. 25(a)(1). The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

s/ Michael A. Hammer  
**UNITED STATES MAGISTRATE JUDGE**

Date:   March 15, 2022