**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA LEACH,<br>　　　*Plaintiff*,<br><br>　　v.<br><br>APPLICANT INSIGHT, INC.,<br>　　　*Defendant*. | Civil Action No. 20-1533<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

　　This matter comes before the Court on the March 15, 2022 Report and Recommendation of Magistrate Judge Michael A. Hammer (the "R&R"). D.E. 46. Judge Hammer issued the R&R after his Order for Plaintiff to Show Cause why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 25(a). D.E. 44. The R&R recommends that this Court dismiss Plaintiff's claims. R&R at 3; and it

　　**APPEARING** that the parties were advised as to the deadline to file any objections to the R&R. *See* R&R at 3. Neither party filed an objection and the time for filing any objections has expired; and it

　　**APPEARING** that "where no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No.

10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes); and it

**APPEARING** that this Court, after independently reviewing the record and the R&R, hereby adopts the R&R as the Opinion of this Court.  In adopting the R&R, this Court, like Judge Hammer, notes that Rule 25(a)(1) provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1); and it further

**APPEARING** that Plaintiff's Counsel notified the Court of Plaintiff's passing on December 3, 2021, D.E. 40, and has "diligently sought out any successor" but "no one has come forward to serve as the plaintiff in this matter," R&R at 3.  Accordingly, Plaintiff did not file a motion to substitute within 90 days of the December 3 letter.[1]  *Id.* at 2.  Judge Hammer, therefore, appropriately concluded that Fed. R. Civ. P. 25(a) requires that the claims be dismissed pursuant to Rule 25(a)(1);

For the foregoing reasons, and for good cause shown,

**IT IS** on this 4th day of April, 2022,

**ORDERED** that the Court adopts the Report and Recommendation, D.E. 46, in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint is hereby **DISMISSED**; and it is further

---

[1] Among other things, Plaintiff asserts claims pursuant to the New Jersey Law Against Discrimination.  D.E. 27.  These claims appear to survive the death of a plaintiff.  *See Hawes v. Johnson & Johnson*, 940 F. Supp. 697, 700-02 (D.N.J. 1996) (concluding that a deceased plaintiff's discrimination claims under the LAD survived his death).

**ORDERED** that the Clerk of the Court is directed to close this matter.

_____
John Michael Vazquez, U.S.D.J.